2003 VT 77

**In re John GREGA**

[833 A.2d 872]

No. 02-291

¶ 1. August 29, 2003. Petitioner John Grega appeals from a decision of the Windham Superior Court denying his petition for post-conviction relief alleging ineffective assistance of both his trial and appellate counsel. The court found that petitioner did not meet his burden of proof in demonstrating that fundamental errors committed by his attorneys rendered his convictions and/or sentences defective. On appeal, petitioner claims that the superior court committed several errors in denying his petition. We affirm.

¶ 2. In 1995, petitioner was convicted by a jury of aggravated murder under 13 V.S.A. § 2311(a)(8), and aggravated sexual assault under 13 V.S.A. § 3253(a)(1). He was originally sentenced on both convictions. On appeal, this Court upheld petitioner's conviction of aggravated murder and sentence of life without the possibility of parole, and vacated his conviction and sentence for aggravated sexual assault on double jeopardy grounds. See *State v. Grega*, 168 Vt. 363, 721 A.2d 445 (1998).

¶ 3. In 2002, petitioner filed a petition for post-conviction relief in the superior court pursuant to 13 V.S.A. § 7131, claiming he was denied his right to effective assistance of counsel guaranteed under the Sixth and Fourteenth Amendments to the United States Constitution. Specifically, petitioner claimed that his trial counsel failed: (1) to provide timely notice of intent to impeach a witness with a prior criminal conviction as required by V.R.Cr.P. 26(c); (2) to preserve for appeal the issue of immunity for a defense witness; and (3) to challenge his indictments

for aggravated murder and aggravated sexual assault on double jeopardy grounds. Additionally, petitioner claimed his appellate counsel failed to claim on appeal that: (1) the court should have granted his motion for mistrial on due process grounds when a child witness was declared incompetent to testify after voir dire; and (2) the mandatory sentence of life without parole for aggravated murder is unconstitutional.

¶ 4. During the PCR hearing, petitioner presented expert testimony by attorney Brad Stetler. Attorney Stetler testified that the performance of petitioner's trial and appellate counsel fell below reasonable standards of professional competence. However, he offered no testimony as to how counsels' performance prejudiced petitioner. The State presented opposing expert testimony from attorney David Sleigh, who testified that the only failure of either counsel that fell below reasonable standards of professional competence was trial counsel's failure to provide notice under V.R.Cr.P. 26(c). Attorney Sleigh further opined that none of trial or appellate counsels' alleged failures prejudiced petitioner. Petitioner asserted several other instances of ineffective assistance of counsel, but did not provide expert testimony in support of those alleged failures. The superior court found that petitioner's additional claimed failures were not the type that could be established without expert testimony, and did not assess them individually. The court instead considered them as background against which it evaluated assistance of counsel generally.

¶ 5. Based on the evidence presented, the Windham Superior Court was "left with the distinct impression" that petitioner's trial counsel "vastly exceeded" the Vermont standard of professional competence. The court further found that the alleged failures of petitioner's appellate counsel constituted valid tactical decisions, and were overshadowed by the "numerous significant issues" that counsel raised on appeal. The court determined that even if the alleged failures fell below the professional norm, there was no reasonable probability that any affected the outcome of the petitioner's trial or appeal. The court therefore concluded that petitioner had not met his burden of proof. This appeal followed.

¶ 6. Post-conviction relief is a limited remedy. See 13 V.S.A. § 7131. On a petition for post-conviction relief, the petitioner has the substantial burden of proving "by a preponderance of the evidence, that fundamental errors rendered his conviction defective." *In re Liberty*, 154 Vt. 643, 644, 572 A.2d 1381, 1382 (1990) (mem.). On an appeal from a post-conviction relief decision, we review the court's findings by a clearly erroneous standard. *State v. Bristol*, 159 Vt. 334, 336, 618 A.2d 1290, 1291 (1992). If the findings are supported by any credible evidence, and the conclusions reasonably follow therefrom, this Court will not disturb the trial court's judgment. *Id.*

¶ 7. While petitioner's brief states a multiplicity of alleged errors, his claim on appeal is essentially one of ineffective assistance of counsel. Under both the United States and Vermont Constitutions, a petitioner has the right to reasonably effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *In re Miller*, 168 Vt. 583, 584, 718 A.2d 419, 420 (1998) (mem.). The appropriate standard for reviewing claims involving ineffective assistance of counsel is whether a lawyer exercised "'that degree of care, skill, diligence and knowledge commonly possessed and exercised by reasonable, careful and prudent lawyers in the practice of law in this jurisdiction.'" *Russo v. Griffin*, 147 Vt. 20, 24, 510 A.2d 436, 438 (1986) (quoting *Cook, Flanagan & Berst v. Clausing*, 438 P.2d 865, 867 (Wash. 1968)). To demonstrate ineffective assistance of counsel, a petitioner must show by a preponderance of the evidence that: (1) his counsel's

performance fell below an objective standard of performance informed by prevailing professional norms; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the proceedings would have resulted in a different outcome. *In re Plante*, 171 Vt. 310, 313, 762 A.2d 873, 876 (2000); *State v. Bristol*, 159 Vt. at 337, 618 A.2d at 1291-92; see also *Strickland*, 466 U.S. at 687-94. Unless petitioner·is able to satisfy both prongs of the test, "it cannot be said that the conviction or ... sentence resulted from a breakdown in the adversary process that renders the result unreliable." *Strickland*, 466 U.S. at 687. In making this showing, petitioner cannot rely on the distorting effects of hindsight, and must surpass the strong presumption that counsel's performance fell within the wide range of reasonable professional assistance. *Plante*, 171 Vt. at. 313, 762 A.2d at 876; *In re Pernicka*, 147 Vt. 180, 183, 513 A.2d 616, 618 (1986); see also *Strickland*, 466 U.S. at 689.

¶ 8. Petitioner challenges the court's determination that his counsels' alleged failures, on which he presented expert testimony, did not fall below a reasonable level of professional competence. First, petitioner asserts that the superior court erred in failing to find that petitioner's trial counsel provided ineffective assistance of counsel when counsel did not preserve the issue of immunity for a defense witness and subsequently did not place the defense witness on the stand because there was no grant of immunity. Petitioner argues that the defense witness had evidence that was clearly exculpatory and crucial to his case. The State's expert testified that the trial counsel's decisions regarding this defense witness could not be deemed unprofessional errors, while petitioner's expert noted that these decisions fell below the professional standards. The superior court thoroughly weighed the evidence, considered both arguments before it, and found petitioner's basic premise faulty. See *In re*

*Stevens*, 144 Vt. 250, 254-55, 478 A.2d 212, 214-15 (1984) (higher court will yield to the judgment of the trial court where there is conflicting. evidence at a post-conviction petition hearing). The court highlighted the concession of petitioner's expert, noting "it was not clear to him what [the defense witness] might have said." At the PCR hearing, the superior court considered the testimony of the potential witness's attorney, together with the evidence, and determined:

> [N]either [the attorney's] testimony there nor [the attorney's] statements to the trial court at the time immunity was being discussed indicate to this court that [this witness's] testimony would have been exculpatory— much less clearly exculpatory and crucial to the defense. Nor is there anything to suggest that the State was deliberately attempting to distort the fact-finding process in declining to offer [this witness] immunity. In short, no one knew then what [she] would have said if called, and no one knows now. Petitioner acknowledges this uncertainty, but suggests that the uncertainty is a reason to grant relief. Because the burden of proof to show error and prejudice is on him, however, this uncertainty is instead fatal to his argument.

After evaluating the evidence before it, the court found petitioner unable to prove that counsel's actions fell below reasonable standards of professional competence. We agree, and see no clear error in the court's evaluation.

¶ 9. Petitioner also finds fault with the superior court's determination that he was not prejudiced by his trial counsel's failure to provide notice pursuant to V.R.Cr.P. 26(c), a failure the court de-

termined to fall below the reasonable standards of professional competence. At the heart of petitioner's defense strategy was the theory that a particular witness, Brian Comi, committed the murder for which petitioner was charged. Petitioner intended to use Comi's prior conviction of forgery for impeachment purposes, but petitioner's trial counsel failed to provide adequate notice pursuant to V.R.Cr.P. 26(c). At the PCR hearing, petitioner's expert and the State's expert agreed that this was an error that fell below reasonable standards of professional competence. Yet even a professionally unreasonable error by counsel does not guarantee success on a claim alleging ineffective assistance of counsel. *In re Ringler*, 158 Vt. 118, 121, 605 A.2d 522, 523 (1992) (proper standard is to determine whether there was a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different); *In re Pernicka*, 147 Vt. at 183, 513 A.2d at 618 (petitioner must prove by a preponderance of the evidence that counsel's fundamental errors prejudiced his case). Petitioner must demonstrate prejudice. *Plante*, 171 Vt. at 313, 762 A.2d at 876.

¶ 10. Using the expert testimony and evidence from trial, the superior court thoroughly considered whether trial counsel's failure to provide notice of intent to impeach prejudiced petitioner at trial. The court concluded that there was no "reasonable probability that there would have been a different outcome if the forgery convictions were used to impeach Comi, because Comi's general credibility was thoroughly impeached in other ways." The court noted that:

> The jury heard Comi testify that he had joked about killing a woman, and that the death of this woman was no big deal to him. It is therefore apparent to the court that the jury must have realized that Comi was not

a generally honorable or credible person, but nevertheless believed he did not kill Christine Grega.

This conclusion is supported by the evidence and is therefore not clearly erroneous. As such, we will not disturb the superior court's findings that the trial counsel's failure to provide notice did not prejudice petitioner.

¶ 11. Petitioner also contends the court erred in failing to find that his appellate counsel's performance fell below the reasonable standards of professional competence by not appealing the district court's decisions surrounding the timeliness and effectiveness of voir dire. During voir dire, there was a possibility that petitioner's son, a young child, might testify at trial. Petitioner's counsel used several peremptory challenges to strike jurors based on their views of a potential child witness. After voir dire was complete, the child was found incompetent to testify. Petitioner's subsequent motion for a mistrial on these grounds was denied. Counsel did not appeal. Petitioner now contends that the court erred in failing to find his appellate counsel's performance fell below reasonable standards of professional competence in its failure to appeal the denial of this motion. Petitioner asserts he was unfairly prejudiced by the denial of this motion because: (1) the jurors inferred the child witness had incriminating testimony against petitioner; and (2) petitioner's counsel was forced to unnecessarily use peremptory strikes. We disagree.

¶ 12. The superior court heard expert testimony on this issue, thoroughly considered the evidence, and concluded that petitioner's claim did not satisfy the two-prong test. See *Plante*, 171 Vt. at 313, 762 A.2d at 876. The court noted that "[l]ike the State's expert, the court does not consider this argument so strong and obvious that failure to raise it caused appellate counsel's performance to fall

outside the broad range of professional reasonableness." The court noted that the substance of the child's testimony was never disclosed to the potential jurors, and that the jurors were specifically instructed to base their decision solely on the evidence presented. The court concluded that there was no reasonable probability that raising the issue on appeal would have resulted in a difference in petitioner's conviction or sentence. We see no clear error here, and affirm the superior court's findings.

¶ 13. Additionally, in his petition for post-conviction relief, petitioner asserted that his appellate counsel made an unreasonable professional error in failing to argue that petitioner's mandatory sentence of life without parole for aggravated murder was unconstitutional on grounds of proportionality and separation of powers. The expert testimony on each side disagreed as to whether counsel made an unprofessional error in failing to raise this issue on appeal. The court agreed with the testimony of the State's expert, and concluded that petitioner's counsel did not make an unprofessional error because the chances of success on this issue were not strong. This conclusion was not clearly erroneous.

¶ 14. In determining the reasonableness of assistance of counsel, "[t]his Court is not permitted to judge from hindsight whether tactical decisions are ultimately successful in determining claims of attorney competence; rather, we must look to whether such decisions were within the range of competence demanded of attorneys in a criminal case at that time." *In re Mecier*, 143 Vt. 23, 32, 460 A.2d 472, 477 (1983). This is what the superior court did. In each of the four aforementioned issues, the court heard expert testimony as to the effectiveness of counsel, and rendered its decision after careful consideration of all of the evidence. Therefore, each of petitioner's claims fail.

¶ 15. Finally, petitioner claims that, despite his failure to present expert testimony, the superior court erred in failing to specifically address appellate counsel's decisions not to appeal: (1) the exclusion of petitioner's family from the courtroom, denying him a right to a public trial; (2) the trial court's decision to omit a lesser-included offense instruction; and (3) the State's failure to disclose the scope and contents of prison interviews with defense witnesses. The superior court considered each of these claims as "background against which [the court] evaluates assistance of counsel generally" because they were unsupported by expert testimony. Petitioner suggests that prejudice can be presumed and the superior court should have addressed these issues in turn, notwithstanding his failure to present expert testimony. Again, petitioner is incorrect.

¶ 16. Only in rare situations will ineffective assistance of counsel be presumed without expert testimony. See, e.g., *Tippins v. Walker*, 77 F.3d 682, 689-90 (2d Cir. 1996) (unconscious or sleeping counsel is considered equivalent to no counsel at all). "Where a professional's lack of care is so apparent that only common knowledge and experience are needed to comprehend it, expert testimony is not required . . . ." *Estate of Fleming v. Nicholson*, 168 Vt. 495, 497-98, 724 A.2d 1026, 1028 (1998); see also *United States v. Cook*, 45 F.3d 388, 395 (10th Cir. 1995) (appellate counsel's performance in failing to appeal "a dead-bang winner" may be found deficient and prejudicial to defendant). The superior court thoroughly weighed the evidence before it. The court chose not to consider each of these issues separately, concluding that counsel's omissions of these issues on appeal did not rise to the level of blatant ineffective assistance of counsel, as raising them would not have definitively resulted in reversal. See *Cook*, 45 F.3d at 394 ("The Sixth Amendment does not require an attorney to raise every non-

frivolous issue on appeal."); *Bond v. United States*, 1 F.3d 631, 635 n.2 (7th Cir. 1993) ("[C]ounsel's strategy decisions — including the decision not to pursue a plethora of issues on appeal — ordinarily do not violate the Sixth Amendment's guarantee of effective assistance."). We agree with the court's assessment. Accordingly, petitioner's claims fail on appeal.

¶ 17. Petitioner presently asserts that the court should find 13 V.S.A. § 2311(c) unconstitutional because it violates his due process right to a vested earned reduction in term off his sentence pursuant to 28 V.S.A. § 811. Petitioner claims that a sentence of life without the possibility of parole directly conflicts with Vermont's reduction of term for good behavior. To assess the validity of this claim, we must consider the history of petitioner's particular argument. Prior to sentencing, petitioner filed a motion challenging the constitutionality of 13 V.S.A. § 2311(c), his motion was denied, and he failed to appeal the court's ruling. Petitioner subsequently filed a V.R.Cr.P. 35 motion, challenging the constitutionality of 13 V.S.A. § 2311(c) on the same grounds he had raised in the previous motion. This Court concluded that petitioner was barred from raising the issue a second time. *State v. Grega*, 170 Vt. 573, 575, 750 A.2d 978, 980 (1999) (mem.). We have no jurisdiction to address this issue, as petitioner raised solely the issue of ineffective assistance of counsel with regard to the constitutionality of 13 V.S.A. § 2311(c), and failed to raise below the specific issue petitioner now asserts.

*Affirmed.*

Motion for reargument denied September 24, 2003.