In Re:  Mark A. Rich, No. S0433-03 CnC  (Norton, J., Aug. 22, 2005)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

STATE OF VERMONT                                    SUPERIOR COURT
Chittenden County, ss.:                          Docket No. S0433-03 CnC

IN RE MARK A. RICH

ENTRY

Following a conviction for sexual assault, Petitioner moves for post-conviction relief based on ineffective assistance of counsel at trial. Petitioner's argument is two-fold.  First, he claims that his attorney failed to cross-examine the complaining witness about her prior convictions for false pretenses (passing bad checks) and failed to request a specific jury instruction on the witness's credibility.  Second, he claims that his attorney failed to object to or request to strike post-incident emotional response testimony from the complaining witness and the treating nurse.  This testimony, he argues, was irrelevant and highly prejudicial.  From these failures, Petitioner urges the court to conclude that his attorney provided ineffective assistance as a matter of law.  The State does not dispute the facts that Petitioner relies on but argues that they do not satisfy his burden

as a matter of law under <u>Strickland v. Washington</u>.  466 U.S. 668, 669 (1984).  Both sides have moved for summary judgment.

Under the <u>Strickland</u> analysis "[t]o demonstrate ineffective assistance of counsel, a petitioner must show by a preponderance of the evidence that: (1) his counsel's performance fell below an objective standard of performance informed by prevailing professional norms; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the proceedings would have resulted in a different outcome."  <u>In re Grega</u>, 2003 VT 77, ¶ 7 (mem.).  This burden is a substantial one, and the remedy Petitioner seeks is limited.  <u>Id</u>.

Petitioner's first claim is based on the complaining witness's criminal record for false pretenses.  Specifically, the complaining witness was convicted on three charges of false pretenses for knowingly passing bad checks.  These convictions preceded her alleged sexual assault and were unrelated to that crime.  Nevertheless, prior to trial, the court ruled that this evidence was admissible under V.R.E. 609.  This Rule allows testimony about prior convictions if those convictions involved untruthfulness or falsification.  V.R.E. 609(a).  The purpose behind this rule is that such crimes are relevant in helping a jury determine the credibility of a witness.  <u>Id</u>. at rptr. n.—1989 amend.  To diffuse this issue, the State at trial elicited the criminal record from the witness herself on direct examination.  On cross-examination Petitioner's attorney did not follow this line of impeachment.  Instead, he chose to focus his defense on the State's lack of physical or corroborating evidence.  Petitioner now argues that this failure to follow up on the prior convictions was fatal to his case.  His expert supports this position by opining that the credibility issue was a critical component of the case.

In retrospect, Petitioner may have a point. It is possible that just a bit more pushing at the witness's credibility might have tipped the jury in Petitioner's favor. At the same time, the opposite remains just as equally possible in light of Petitioner's argument. The problem is that Petitioner is inviting the court to review his counsel's performance through the lens of hindsight. This is not the purpose of post-conviction review, which looks to see if counsel dropped below an objective standard of performance. The question here is whether Petitioner's counsel's decision was a part of a strategy and whether that strategy was valid, regardless of the outcome. The evidence shows that counsel's choice not to cross-examine or emphasize the complaining witness's prior criminal record was part of a strategy to keep the focus on the incident itself and the State's lack of supporting evidence. While the two are not mutually exclusive, the choice of one strategy over the other represents a logical choice rather than incompetence or a mistake. As a trial strategy, then, counsel's choices are afforded a great deal of discretion and must only fit within the "range of competence." In re Dunbar, 162 Vt. 209, 212 (1994); see also In re Mecier, 143 Vt. 23, 30 (1983).

This brings up the next question of whether counsel's strategy was valid. Petitioner's expert opines through his affidavit that the assessment of the witness is extremely important and especially critical in he said/she said cases where credibility is a front-and-center issue. This may be true, but this does not invalidate counsel's choice. The better choice may have been to add a strong credibility attack to the case, but that does not make counsel's decision wrong, merely less right. Again, a post-conviction review carries with it a strong presumption that an attorney's decision falls within the realm of competence, barring strong evidence to the contrary. Id. Petitioner and his expert raise some doubts about counsel's performance, but it is simply not strong enough to overcome this legal

presumption of competence.  <u>In re Plante</u>, 171 Vt. 310, 315 (2000).

Sending aside the first prong of <u>Strickland</u> for the moment, Petitioner's argument also fails to establish a reasonable probability of a different outcome "but for" counsel's choice.  The evidence that Petitioner bases his claim on was admitted into testimony, albeit under friendly circumstances.  The witness admitted her criminal record, and the jury learned that she had a past propensity for falsehood and untruthfulness.  While Petitioner's counsel could have hammered home these facts—making the latter more explicit—there is nothing in the evidence that shows such hammering would have turned the tide of the case.  The most it can show is a mere possibility, and that is not enough as a matter of law.  <u>In re Grega</u>, 2003 VT 77 at ¶ 12; see also <u>Travellers Ins. Co. v. Demarle, Inc. USA</u>, 2005 VT 53, at ¶ 10 (mem.).

Petitioner's argument regarding a specific jury instruction on credibility similarly fails to show an ineffective assistance of counsel.  The court included a general charge on witness evaluation that included some language instructing the jury on how to evaluate a witness's credibility.  Counsel's decision not to ask for a more specific charge did not take the issue away from the jury or leave them without any criteria to evaluate the witness's credibility.  At most, it was a harmless error that does not represent a reasonable probability of a different outcome.

It is worth noting that the evidence here went to the witness's general credibility rather than her specific credibility in this case.  The false pretense convictions show a propensity for financial falsehood.  From this the jury may infer an ability and capacity for untruthfulness, but it is somewhat of a leap in logic to then conclude that because of this capacity she would concoct a sexual assault claim.  Again, Petitioner cites to

evidence that makes it possible but neither it, nor a more specific jury charge, would have made a different outcome more probable for the purpose of post-conviction review.

Finally, Petitioner argues that counsel's failure to object to post-incident testimony unfairly prejudiced the jury against him. Petitioner does not argue that this testimony was inadmissable or completely irrelevant. Such testimony has been allowed in sexual assault cases as evidence to corroborate a witness's version of events or to rebut the defendant's claim that the incident did not occur. State v. Shaw, 149 Vt. 275, 277–78 (1987). Petitioner presents no evidence that an objection or motion to strike would have been granted. Looking at the record and trial strategy as a whole, these statements and the lack of objection, while damaging to Petitioner's case, did not constitute ineffective assistance of counsel. In re Mecier, 143 Vt. at 32. Given only the possible effectiveness of such an objection, the court cannot say that the failure to object was an glaring error or that its potential exclusion would have tipped the scales in favor of Petitioner. Even when coupled with counsel's cross-examination and jury charge decisions, the sum result is only a hindsight re-evaluation and not a cumulative erosion in the court's faith in the verdict. As such, Petitioner's argument on this last point fails to carry his Strickland burden of persuasion.

Based on the foregoing, Petitioner's motion for summary Judgment is Denied. The State's motion for summary judgment is granted. Case is dismissed.

Dated at Burlington, Vermont_____, 2005.

_____
Richard W. Norton, Judge