*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2012-354

APRIL TERM, 2013

| | |
|---|---|
| In re Allen Rheaume | } APPEALED FROM: |
| | } |
| | } Superior Court, Franklin Unit, |
| | } Civil Division |
| | } |
| | } DOCKET NO. S348-11 Fc |

Trial Judge: Martin A. Maley

In the above-entitled cause, the Clerk will enter:

Petitioner appeals the court's denial of his petition for post-conviction relief (PCR). On appeal, petitioner argues that the court erred in granting the State summary judgment on his claims that he received ineffective assistance of counsel during his probation violation hearing. We affirm.

In June 2004, petitioner pled guilty to open and gross lewd or lascivious conduct and was sentenced to 55 days to life, all suspended but 55 days to 24 months. He was placed on probation with several conditions, including that he not buy, have or use regulated drugs, that he submit to random urinalysis, and that he attend treatment and counseling as directed by his probation officer. Petitioner was charged with several probation violations and, in January 2008, the court held a hearing. Petitioner's probation officer testified at the hearing that in July 2007 petitioner admitted to using marijuana and that petitioner tested positive for marijuana in August 2007. The probation officer also testified that petitioner missed two appointments with his counselor in July 2007. There was testimony that the probation officer discouraged petitioner from attending counseling sessions under the influence. Petitioner introduced the Department of Corrections (DOC) drug-testing policy at the hearing. The court found petitioner had violated his conditions and imposed the underlying sentence. On appeal, this Court affirmed. State v. Rheaume, No. 2010-156, 2010 WL 7789280 (Vt. Dec. 14, 2010) (unpub. mem.), http://www.vermontjudiciary.org/d-upeo/eo10-156.pdf.

In August 2011, petitioner filed this PCR petition alleging that his counsel had provided ineffective assistance during the probation violation hearing in January 2008. Petitioner claimed that counsel's performance was deficient because he failed to make objections to challenge admission of certain evidence. These included challenging the admission of: petitioner's statement in July 2007 admitting to using marijuana; petitioner's positive drug test from August 2007; the probation officer's statement that counseling sessions were required by petitioner's probation; and allegedly false statements made by petitioner's probation officer at the hearing.

The parties filed cross-motions for summary judgment, and the court held a hearing on those motions. In a written order, the court rejected petitioner's claims, and granted the State summary judgment. The court found that counsel's performance was not deficient as a matter of law because in all instances the evidence was admissible and there were no grounds for objection. Petitioner appeals.

On appeal from the grant of a motion for summary judgment, this Court applies the same standard as the trial court. White v. Quechee Lakes Landowners' Ass'n, 170 Vt. 25, 28 (1999). Summary judgment is appropriate if there are no issues of material fact and a party is entitled to judgment as a matter of law. V.R.C.P. 56(a); White, 170 Vt. at 28. To make a claim for ineffective assistance of counsel, a petitioner must show by a preponderance of the evidence that fundamental errors rendered his conviction defective. In re Grega, 2003 VT 77, ¶ 7, 175 Vt. 631 (mem.). Ineffective assistance requires petitioner to show first that counsel's performance fell below an objective standard of reasonableness and second that the deficient performance prejudiced the defense. Id.

On appeal, petitioner reiterates arguments made in the trial court, arguing that counsel rendered ineffective assistance for failing to object to admission of evidence. The trial court analyzed each of the claims in detail, explaining why the challenged evidence was admissible and therefore why counsel was not deficient in failing to object. Having reviewed the claims, we agree that because the evidence was admissible as a matter of law petitioner failed to present a prima facie case that counsel's performance fell below the prevailing standard.[*] See In re King, 133 Vt. 245, 250 (1975) ("The decision of a trial lawyer not to make an objection is a matter of trial tactics, not evidence of incompetency.").

First, petitioner asserts that counsel was deficient in failing to challenge admission of his July 2007 statement admitting to drug use and his drug test taken on August 8, 2007 based on reasonable suspicion. Petitioner asserts that his probation officer failed to follow DOC guidelines for drug testing as set forth in Directive 409.04. Petitioner claimed that the July statement was not admissible because the directive states that drug test results taken for treatment

[*] Ordinarily, expert testimony is required to demonstrate ineffective assistance of counsel. See Grega, 2003 VT 77, ¶ 16. Only in "rare situations" can an ineffective assistance claim be brought without an expert where the lack of care is so obvious that only common knowledge and experience are required to understand it. Id. In this case, there was no expert opinion offered. Petitioner represented himself in the trial court and moved for appointment of an expert in November 2011. A pro se petitioner may request appointment of an expert, but must demonstrate the necessity for services by showing "how a legal expert would assist petitioner to prove that specific shortcomings in his representation at trial fell below the level of competence for the particular task at issue." In re Barrows, 2007 VT 9, ¶ 9, 181 Vt. 283. The trial court's file and docket entries do not show that the State filed a response or that the court resolved this motion. It is possible that the court addressed the motion at its April 6, 2012 status conference, but petitioner has not provided a transcript of this hearing. In any event, petitioner does not complain of inaction on his request for counsel, and the merits of his perceived missed opportunities for challenging the evidence at his probation hearing did not fail for lack of expertise.

may not be used for disciplinary or criminal sanctions. The PCR court found there was no deficient performance of counsel because petitioner's admission to using marijuana did not fall within the language of the directive, which prohibited the result of "treatment tests" from being used for disciplinary sanctions and an admission is not a test. The application of the directive to the undisputed facts is a matter of legal construction. We agree that petitioner's admission was not the result of a "test" excludable under the directive.

As to the August test, petitioner argues that his counsel rendered ineffective assistance for failing to object to its admission because, he asserts, the test was invalid since there was no supervisor approval as required by the DOC directive. Defense counsel did raise the issue at the probation-violation hearing, but the probation officer responded that she was a supervising officer and as such was entitled to issue and approve a test. Whether the officer's authority met the directive's requirement was, again, a legal determination, and the PCR court's conclusion that the explanation obviated further objection was no error.

Next, petitioner asserts that his counsel rendered ineffective assistance in failing to contest that petitioner was required to and that he was notified of the requirement that he attend counseling as a condition of his probation. Petitioner's probation officer testified that she required petitioner to attend the counseling. At the probation violation hearing, counsel cross-examined the probation officer about whether petitioner received adequate notice of this requirement. Trial counsel is afforded great latitude in making decisions regarding trial strategy, including the scope and depth of cross-examination. In re Mecier, 143 Vt. 23, 31-32 (1983). Petitioner has not explained what other tactics counsel should have attempted to challenge the probation officer's testimony. Petitioner does assert that counsel failed to review a file from his CRASH counseling program and that his file would have shown his counseling was voluntary rather than mandatory. As the trial court explained, the CRASH counseling was separate from the counseling required by the probation officer; therefore obtaining this file would not have contradicted the probation officer's testimony or undermined her credibility on the issue of whether petitioner was required to attend counseling.

Finally, petitioner reasserts the arguments set forth above by contending that his probation officer provided false information and perjured testimony. His disagreement with the officer's and the court's reading of the DOC directive does not render her construction a deliberate falsehood. Petitioner fails to demonstrate, moreover, how the alleged false testimony translates into ineffective assistance of counsel. Counsel aggressively questioned the probation officer at the probation-violation hearing, including asking about whether petitioner was required to attend counseling, had attended counseling, and whether the August test complied with DOC directives. Petitioner offers no reason why failure to acquire the CRASH file amounted to error on counsel's part.

Petitioner raises two additional ways his counsel should have challenged the admissibility of the August test. First, petitioner claims that pursuant to DOC directive the authorization for the test should have been accompanied by a document outlining the reasonable suspicion to support the test and none was present. Petitioner also appears to argue that the August search violated his rights under the Fourth Amendment of the Federal Constitution and Article 11 of the Vermont Constitution because it was conducted without a warrant. The first argument has

morphed from when it was originally presented. As originally presented, petitioner challenged the lack of documented supervisory approval for the search, a claim we addressed above. Although petitioner mentioned the lack of a "documented reason" in passing, he never claimed that the law required such a statement. This claim is unpreserved. See In re Lambert, 173 Vt. 604, 608 (2002) (mem.).

The second argument is addressed by petitioner's admission to using marijuana in July. This admission gave reasonable suspicion to conduct the test in this case, and therefore there was no obvious ground for the attorney to object to the test on those grounds. See State v. Lockwood, 160 Vt. 547, 558 (1993) (concluding no Fourth Amendment violation where search of probation officer conducted based on reasonable suspicion).

Affirmed.

BY THE COURT:

_____
John A. Dooley, Associate Justice


_____
Brian L. Burgess, Associate Justice


_____
Beth Robinson, Associate Justice

4