*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2013-062

DECEMBER TERM, 2013

| | |
|---|---|
| In re Victor Hall | } APPEALED FROM: |
| | } |
| | } Superior Court, Chittenden Unit, |
| | } Civil Division |
| | } |
| | } DOCKET NO. S1634-09 CnC |
| | |
| | Trial Judge: Geoffrey W. Crawford |

In the above-entitled cause, the Clerk will enter:

Petitioner appeals the superior court's decision granting the State summary judgment with respect to his post-conviction-relief petition alleging that his trial and appellate counsel were ineffective. We affirm.

In May 2006, petitioner and his then-wife contacted the Department for Children and Families (DCF). They reported that four or five years earlier, petitioner had engaged in oral sex with his step-daughter, who was five or six years old at that time. The day after reporting his conduct to DCF, petitioner agreed to an interview with police, who arrested him based on his admissions during the interview. Petitioner was charged with two counts of aggravated sexual assault and one count of lewd and lascivious conduct. He was later charged with possession of child pornography and obstructing justice for sending a threatening letter to his wife.

In November 2007, days before his trial was to begin, petitioner pled guilty to two counts of aggravated sexual assault. Under the plea agreement, the State agreed to dismiss the remaining charges and recommend a sentence of ten-to-fifty years, with petitioner free to seek a lower sentence. The trial court accepted the plea as voluntarily made. Shortly before his scheduled sentencing hearing in January 2008, petitioner filed a motion to withdraw his plea. The trial court denied the motion, concluding that it was made in an effort to manipulate the proceedings.

At the sentencing hearing, defendant renewed his motion to withdraw and offered, through counsel, a letter from the mother of a girl, purportedly a friend of petitioner's stepdaughter, stating that her daughter had informed her that the stepdaughter said that her mother had forced her to fabricate her allegations against petitioner. The court concluded that the letter lacked credibility and was offered in further manipulation of the system. The court then sentenced petitioner to ten-to-fifty years.

Petitioner appealed the denial of his motion to withdraw, and we affirmed. While acknowledging that presentence motions to withdraw pleas should be liberally granted, we found ample evidence to support the trial court's conclusion that petitioner's motion was not brought in good faith but rather as part of a larger scheme to delay his trial. State v. Hall, No. 2008-086,

2008 WL 4906948, at *2 (Vt. Nov. 5, 2008) (unpub. mem.), http://www.vermontjudiciary.org/d-upeo/upeo.aspx. We further concluded, "[i]n light of defendant's multiple prior admissions of guilt and the substantial delay in coming forward with the evidence in question," that the trial court did not abuse its discretion in concluding that the letter petitioner sought to offer as new evidence was not credible and amounted to a further attempt to manipulate the system. Id.

In December 2009, petitioner filed his PCR petition detailing multiple bases for relief. In September 2011, the superior court granted the State summary judgment with respect to petitioner's non-jurisdictional claims, see In re Torres, 2004 VT 66, ¶ 9, 177 Vt. 507 (mem.) ("It is well settled that a defendant who knowingly and voluntarily enters a guilty plea waives all non-jurisdictional defects in prior proceedings." (quotation omitted)), but did not address petitioner's claims of ineffective assistance of counsel. In an October 2, 2012 decision, the court granted the State summary judgment with respect to petitioner's remaining claims that his plea was involuntary and that his trial and appellate counsel provided ineffective assistance. Petitioner appeals from the second decision, arguing only that: (1) the superior court's failure to adequately inform him of the need for an expert witness to avoid summary judgment on his claims requires reversing the court's decision and remanding the matter with instructions for the Office of Defender General to supply an expert witness to review the file in this case; and (2) summary judgment was improper with respect to the alleged ineffective assistance of both his trial and appellate counsel because there were genuine issues of material fact and the evidence, viewed most favorably to petitioner, did not support the judgment.

We first address petitioner's argument that the superior court misled petitioner as to the necessity of obtaining an expert witness to support his PCR claims. Noting our oft-cited principle that expert testimony is required to support PCR claims of ineffective-assistance-of-counsel except for those "rare situations" when "a professional's lack of care is so apparent that only common knowledge and experience are needed to comprehend it," In re Grega, 2003 VT 77, ¶ 16, 175 Vt. 631 (mem.) (quotation omitted), the superior court concluded that this is not such a case. In In re Barrows, 2007 VT 9, ¶ 9, 181 Vt. 283, we held that it is the petitioner's burden to demonstrate a specific need for an expert witness to address distinct claims, and we explicitly distinguished this burden from the petitioner's burden to prove the merits of those claims. Petitioner concedes that he did not make the requisite showing in Barrows, but he asserts that his failure to do so was caused by the superior court not impressing upon him the import of obtaining expert services to support his claims. In support of this argument, petitioner states that: (1) on one occasion, the court listed several items that were missing from his motion for summary judgment but did not mention the need for an expert witness; and (2) on another occasion, the court told him that petitioners often use an expert witness, which significantly understated the need for an expert witness.

We find no merit to this argument. In its motion for summary judgment, the State argued that petitioner could not establish ineffective assistance of counsel without expert testimony. In his lengthy opposition to the State's motion, petitioner stated as follows, in relevant part:

> Much has been argued about a need for expert testimony to validate claims of IAC. Petitioner contacted the Defender General's Office for approval to hire such an expert, and he received preliminary commitments from available experts in that capacity. . . . However, the Vermont Supreme Court has made it very clear that expert testimony is not required to establish IAC

2

> when the failures of counsel are apparent (especially to a practiced court). Because Petitioner's counsel's failures are apparent and provable by the record, he chose to conserve time, state resources, and energy and forgo unnecessary expert testimony.
>
> . . .
>
> Petitioner's counsel's performance leading up to—and causing—Petitioner's involuntary guilty plea fell so far below a standard of reasonableness as to be plain to anyone. Certainly this Court has the knowledge and experience to perceive and understand the apparent lack of care demonstrated by Petitioner's appointed counsel.

As shown by this response, which included detailed citations to the relevant law, petitioner had a clear understanding of this Court's precedent regarding the need for expert testimony, yet chose to proceed without such testimony.

In his reply brief, petitioner claims that he was compelled to argue that no expert testimony was necessary because the Office of the Defender General failed to provide him with an expert to review the record. The fact remains, however, that, as petitioner concedes, he made no showing under Barrows, but rather chose to proceed on the basis that no expert testimony was necessary to support his claims. He was proceeding pro se at the time, but, as noted, his response demonstrated a sufficient grasp of the case law to understand the choice he was making.

Accordingly, the superior court correctly proceeded to evaluate whether this is one of those rare cases where expert testimony was not necessary to demonstrate that the challenged acts or omissions of petitioner's trial and appellate counsel fell below an objective standard of performance informed by prevailing professional norms, Grega, 2003 VT 77, ¶ 7, and that there is a reasonable probability that, but for the unprofessional errors, petitioner would have insisted on going to trial rather than pleading guilty to the charges, In re Fisher, 156 Vt. 448, 460-61 (1991). In challenging the superior court's summary judgment decision that this case was not the rare exception, petitioner argues that there were material facts in dispute that preclude summary judgment. See Barrows, 2007 VT 9, ¶ 5 ("To obtain summary judgment, the moving party must demonstrate that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law.").

We concur with the superior court's conclusion that this is not one of those rare cases in which petitioner could prove ineffective assistance of counsel without the benefit of expert testimony. The allegations that petitioner makes about the conduct of his attorneys—that his original trial counsel did little on the case and had his investigator prematurely terminate his investigation into a witness that had written a potentially exculpatory letter; that his replacement trial counsel did not follow through in obtaining in a timely manner the potentially exculpatory testimony of that witness, and that his appellate counsel should have raised these and other issues in a reply brief—all involve questions of strategy requiring expert testimony to disprove the presumption of attorney competence and to show prejudice, even assuming that petitioner's rendition of the facts is true. In any event, this Court has already determined that ample evidence supported the trial court's conclusion that the letter from the witness in question was merely another attempt by petitioner to manipulate the system.

As for petitioner's claim that his trial counsel told him he could withdraw his plea before sentencing, petitioner raised this allegation before the superior court only in the context of his claim that his plea was involuntary. Thus, he is precluded from raising it here. See Fitzgerald v. Congleton, 155 Vt. 283, 295 (1990) (citing well-settled rule that if party opposing summary judgment fails to inform trial court of legal and factual reasons why summary judgment should not be entered, party may not raise such reasons on appeal).

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
John A. Dooley, Associate Justice

_____
Marilyn S. Skoglund, Associate Justice