*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2014-375

MAY TERM, 2015

| | |
|---|---|
| Charles Chandler | APPEALED FROM: |
| | |
| | Superior Court, Windham Unit, |
| v. | Civil Division |
| | |
| | |
| State of Vermont | DOCKET NO. 114-3-11 Wmcv |

Trial Judge: Mary Miles Teachout

In the above-entitled cause, the Clerk will enter:

Petitioner appeals orders of the superior court, civil division, denying his motion for summary judgment and granting the State's motion for summary judgment with respect to his petition for post-conviction relief (PCR).  We affirm.

Following a confrontation with several firefighters who entered his property in response to a reported brush fire, petitioner was charged in 2006 with impeding a public officer, in violation of 13 V.S.A. § 3001.  A jury convicted petitioner of the offense after a three-day jury trial in November 2009.  Petitioner received a sentence of twenty-nine-to-thirty days to serve.  In January 2011, this Court affirmed defendant's conviction.  State v. Chandler, No. 10-135, 2011 WL 4974829 (Vt. Jan. 27, 2011) (unpub. mem.), https://www.vermontjudiciary.org/LC/ unpublishedeo.aspx.

In March 2011, petitioner filed a PCR petition and sought extraordinary relief, alleging ineffective assistance of counsel at trial.  He alleged that his trial counsel, Matthew Branchaud: (1) left a voicemail message on petitioner's telephone shortly before the trial demonstrating his bias toward petitioner; (2) failed to object to the State's clearly defective information; (3) failed to obtain from his predecessor counsel exculpatory evidence that would have bolstered petitioner's defense had the evidence been admitted at trial; (4) failed to object to a jury instruction that substituted "public officers" for "civil officers"; and (5) failed to object to the prosecutor's statement during closing argument that petitioner had lied at trial.  The superior court dismissed the petition for lack of jurisdiction, but in February 2013 this Court reversed that ruling and remanded the matter for further consideration.  In re Chandler, 2013 VT 10, 193 Vt. 246.

In April 2013, petitioner filed a motion for summary judgment.  The State responded by arguing that material facts were in dispute and that petitioner could not prove his trial counsel's ineffective assistance without expert testimony.  That same month, the superior court issued a scheduling order that, among other things, required petitioner to disclose by May 15, 2013 all expert witnesses he expected to call.  In June 2013, the State filed a motion for summary judgment, asserting that petitioner had failed to disclose an expert witness to support his claims of ineffective assistance of counsel.  On September 5, 2014, the superior court denied

petitioner's motion for summary judgment, concluding that were disputed issues of material fact. Regarding the State's motion for summary judgment, the court concluded that expert testimony was not needed for a jury to determine whether petitioner's trial counsel was biased against petitioner, but that, irrespective of any finding of bias, petitioner still had to prove that his trial counsel's performance fell below an objective standard of professional norms and that, but for the deficient performance, there is a reasonable probability that the outcome of the trial would have been different. Accordingly, the court scheduled oral argument to give the parties an opportunity to address whether expert testimony was required to support petitioner's claims of ineffective assistance of counsel.

Following a hearing at which the parties presented oral argument, the superior court issued a decision granting the State summary judgment. The court examined all of petitioner's specific allegations of ineffective assistance of counsel and determined that each of them required an expert criminal defense attorney familiar with prevailing professional norms to testify about the standard of care required of an attorney under the circumstances of this case. The court further concluded that expert testimony was needed not only to address whether the actions of petitioner's trial counsel fell below an objective standard of professional norms but also whether, assuming a deficient performance, the outcome of the trial would have been different with competent representation.

On appeal, petitioner contends that the ineffectiveness of his trial counsel was so obvious that it could be understood by lay persons without the benefit of expert testimony. In so arguing, he relies primarily on his attorney's pretrial voicemail suggesting an intent to lose the case because petitioner was not paying his bill for legal services and his attorney's conduct at trial, particularly his closing argument, which he claims made it apparent to everyone in the courtroom that the attorney was deliberately trying to lose the case.[*]

The law in this area is well-settled. A petitioner claiming ineffective assistance of counsel must demonstrate by a preponderance of the evidence that: "(1) his counsel's performance fell below an objective standard of performance informed by prevailing professional norms; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the proceedings would have resulted in a different outcome." In re Grega, 2003 VT 77, ¶ 7, 175 Vt. 631. We are "not permitted to judge from hindsight whether tactical decisions are ultimately successful in determining claims of attorney competence; rather, we must look to whether such decisions were within the range of competence demanded of attorneys in a criminal case at that time." In re Mecier, 143 Vt. 23, 32 (1983). "Only in rare circumstances will ineffective assistance of counsel be presumed without expert testimony." Grega, 2003 VT 77, ¶ 16. Expert testimony is required except in instances "[w]here a professional's lack of care is so apparent that only common knowledge and experience are needed to comprehend it." Estate of Fleming v. Nicholson, 168 Vt. 495, 497-98 (1998).

---

[*] Petitioner also argues that the superior court erred by ignoring additional facts stated in his motion for summary judgment. In denying petitioner's motion for summary judgment, the court stated that the only relevant allegations were those raised in petitioner's March 2011 complaint, insofar as the State did not have notice of any additional allegations raised for the first time in petitioner's motion for summary judgment. Petitioner suggests that the court erred in so ruling, but does not indicate what additional allegations he made or explain how any such allegations did not involve disputed issues of material fact. Accordingly, this argument is unavailing.

In arguing that he did not need expert testimony to support his PCR petition, petitioner cites first and foremost his allegation that his trial attorney left a voicemail shortly before the trial demonstrating bias toward him. Apparently, the attorney was angry about not having received compensation from Chandler for his services. In his complaint, petitioner indicates that the attorney stated, "f----ing money b---- . . . f---ing Charlie Chandler . . . . [and] going to go to jail." As noted, the trial court ruled that no expert testimony was needed for a jury to determine that these statements demonstrated bias against petitioner, but that, to prevail on his PCR petition, petitioner still had to demonstrate that his trial counsel's performance at trial was below the standard of prevailing norms and that there is a reasonable probability that, but for his counsel's deficient performance, the outcome of his trial would have been different. We agree with this analysis. To be sure, the alleged pretrial comments by trial counsel are outrageous. But unless petitioner is able to satisfy both prongs of the ineffective-assistance-of-counsel test, " 'it cannot be said that the conviction or . . . sentence resulted from a breakdown in the adversary process that renders the result unreliable.' " Grega, 2003 VT 77, ¶ 7 (quoting Strickland v. Washington, 466 U.S. 668, 687 (1984)). In his anger over not being paid, the attorney may have taunted petitioner about him going to jail, but that does not demonstrate, per se, that his trial performance was deficient, or, if so, that the outcome of the trial would probably have been different had his performance not been deficient.

Apart from his trial counsel's pretrial voicemail, petitioner focuses on remarks made by the prosecutor and trial judge during closing arguments to support his claim that his trial counsel's ineffectiveness was so apparent that expert testimony was not required for him to prevail. He notes that at one point the prosecutor called his attorney's arguments ridiculous, and that the trial judge admonished the attorney that his defense was inappropriate. According to petitioner, his attorney's defense was simply that the law was wrong.

The record does not support these contentions. As indicated in our decision affirming petitioner's conviction, the principal defense presented at petitioner's three-day trial was that petitioner had a legal right to prevent the firefighters from entering his property because he did not need a permit for the fire due to the nature of the fire and the presence of snow on the ground. Chandler, No. 10-135, 2011 WL 4974829, at *2 (Vt. Jan. 27, 2011) (unpub. mem.). His trial counsel began closing argument by noting that sometimes laws become obsolete and that the law that petitioner was accused of breaking had never been challenged. In response to the prosecutor's objection, the trial judge reminded petitioner's attorney that the jurors would be told that they must apply the law as instructed and not weigh its wisdom. Eventually, petitioner's attorney made his point that there was a conflict between the statute allowing persons to have brush fires without a permit when snow was on the ground and the statute giving firefighters general authority to come onto private property to extinguish fires they deemed to be a threat. Petitioner's counsel suggested that this conflict in the law could have led petitioner to reasonably believe that he had a right to exclude the firefighters from his property. In response, the prosecutor stated that it was "utterly ridiculous" to suggest that firefighters cannot come onto private property to put out a fire because no permit was needed to start the fire. Notwithstanding petitioner's argument to the contrary, the prosecutor's stated belief that the defense's theory of the case was ridiculous does not demonstrate that the defense was in fact ridiculous or that trial counsel's representation was deficient under the circumstances. More importantly for purposes of this appeal, the prosecutor's statement cannot substitute for an expert opinion that the defense presented to the jury amounted to ineffective representation.

Apart from citing his attorney's pretrial voicemail and the prosecutor's and trial judge's remarks during closing argument, petitioner's claims of ineffective assistance of counsel at trial

are the following. First, petitioner argues that his trial counsel failed to object to the State's information on grounds that it did not include the mental elements of the charged crime. In our decision affirming petitioner's conviction, we found no reason to reverse his conviction based on this claim because petitioner understood the charge, was able to present an intelligent and complete defense to the charge, and in fact acknowledged that he strongly challenged at trial the notion that the firefighters had a right to be on his property to extinguish the fire. Id. Second, petitioner contends that his trial counsel failed to obtain from prior counsel and present at the trial the affidavit of a firefighter and photographs indicating that there was snow on the ground at the time of his alleged offense. Presumably, this evidence would have supported petitioner's defense that he thought he had a right to exclude the firefighters because the law allows him to burn brush without a permit when snow is on the ground. As we indicated in our decision affirming petitioner's conviction, "firefighters are authorized to enter property to investigate and extinguish fires that threaten public safety, irrespective of whether a landowner is required under the circumstances to obtain a permit to burn brush." Id. Third, petitioner asserts that his trial counsel failed to object to the trial court using in its jury instruction the term "public officers" rather than the term "civil officers" that was used in the State's information. We pointed out in our decision affirming petitioner's conviction that the trial court defined the term "public officer" to include the categories designated in 13 V.S.A. § 3001, the statute that defendant was charged with violating. Id. at *3. Fourth, petitioner argues that his trial counsel failed to object to the prosecutor's statement during closing argument suggesting that petitioner lied while testifying at trial.

Petitioner does not explain how any of these actions or inactions on the part of his trial counsel fell below the standards for competent counsel under the prevailing norms and the circumstances of this particular case. Nor does he even attempt to explain how the outcome of his trial probably would have been different if trial counsel had done what petitioner claims he should have done. Most importantly for purposes of this appeal, petitioner fails to explain why expert testimony was not necessary for the court to answer these questions. Accordingly, we discern no basis to overturn the superior court's decision granting the State's motion for summary judgment and denying petitioner's motion for summary judgment with respect to petitioner's PCR opinion.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
John A. Dooley, Associate Justice

_____
Marilyn S. Skoglund, Associate Justice