*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2019-309

FEBRUARY TERM, 2020

| | |
|---|---|
| In re George A. Murphy\* | APPEALED FROM: |
| | |
| | Superior Court, Bennington Unit, Civil Division |
| | |
| | DOCKET NO. 190-7-17 Bncv |
| | |
| | Trial Judge: David A. Barra |

In the above-entitled cause, the Clerk will enter:

Petitioner appeals from the trial court's dismissal of his petition for post-conviction relief (PCR). We affirm.

Petitioner was convicted of first-degree aggravated domestic assault following a jury trial. We affirmed his conviction on appeal. See State v. Murphy, No. 2016-247, 2017 WL 1106131 (Vt. March 24, 2017) (unpub. mem.), https://www.vermontjudiciary.org/LC/unpublishedeo.aspx. In June 2018, petitioner filed the amended PCR petition at issue here. He argued that his appellate counsel was ineffective because she failed to challenge the trial court's admission of certain hearsay statements as excited utterances. To succeed on this claim, petitioner needed to show "that counsel's performance fell below an objective standard of reasonableness informed by prevailing professional norms and . . . that counsel's deficient performance prejudiced the defense." In re LaBounty, 2005 VT 6, ¶ 7, 177 Vt. 635 (mem.) (quotation omitted).

In April 2019, petitioner moved for summary judgment in his favor. He cited In re Grega, 2003 VT 77, ¶ 16, 175 Vt. 631 (mem.), as establishing when expert testimony was required to support an ineffective-assistance claim. In Grega, we stated that "[o]nly in rare situations will ineffective assistance of counsel be presumed without expert testimony," i.e., "[w]here a professional's lack of care is so apparent that only common knowledge and experience are needed to comprehend it." Id. (quotations omitted)). Petitioner, citing United States v. Cook, 45 F.3d 388, 395 (10th Cir. 1995), suggested that his argument was a "dead-bang winner" that required no expert evidence. Petitioner urged the PCR court, as factfinder, to use "its own expertise" to evaluate his claim. The State opposed the motion and asked the court to dismiss the PCR. It noted that petitioner offered no expert testimony in support of his claim and instead improperly asked the court to act as the necessary expert witness.

The court dismissed the PCR petition. Citing Grega, 2003 VT 77, ¶ 16, it explained that, absent obvious error, petitioner needed to provide expert testimony to support his claim. It found

no obvious error here. The record showed that each of the trial witnesses laid a foundation for the admission of statements under the excited-utterance exception and there were reasonable grounds to support the trial court's decision to admit these statements.

The court rejected petitioner's proposal that it consider these issues for itself without first hearing evidence to support its conclusions. It emphasized that it was not the court's province to be its own expert witness or to review the trial court's rulings as if it were an appellate body; petitioner needed to present evidence upon which the court could base its conclusions. It reiterated that the question of whether this issue should have been briefed by appellate counsel was not self-evident. It noted that the failure to include a weak argument in an appellate brief was often effective, rather than ineffective, appellate advocacy. See Smith v. Murray, 477 U.S. 527, 536 (1986) (explaining that "process of winnowing out weaker arguments on appeal and focusing on those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy," and reiterating that in assessing whether counsel's conduct fell within "wide range of professionally competent assistance," counsel's conduct must be evaluated "from counsel's perspective at the time" and "every effort be made to eliminate the distorting effects of hindsight" (quotations omitted)). Under the circumstances here, without expert testimony, the court concluded that petitioner could not carry his burden to show that this argument should have been raised and that it would have made a difference in the outcome of his appeal. The court thus dismissed the PCR petition. This appeal followed.

Petitioner now argues on appeal that Grega was wrongly decided and that he should not be required to present expert testimony in support of his ineffective-assistance claim. He complains that Grega did not cite any PCR cases in support of the standard cited above but instead relied on a legal malpractice case and two federal post-conviction cases. Petitioner asserts that other state and federal courts have "overwhelmingly held that expert testimony is not required to establish ineffective assistance of counsel." He further contends that other courts have found that trial courts are fully qualified to assess attorney performance. He argues that the trial court here was qualified to assess appellate counsel's performance without the need for an expert. Petitioner contends that he proved his claim by a preponderance of the evidence.

We agree with the State that petitioner failed to preserve his argument that the standard enunciated in Grega should be abandoned. As reflected above, petitioner cited Grega in his motion for summary judgment and effectively argued that this was one of those rare cases where expert testimony was not required. His assertion that the PCR court should decide his claim using its own "expertise" was not inconsistent with his reliance on Grega, and it did not preserve the argument that Grega should be overruled. Petitioner made no such request below and we will not address this argument for the first time on appeal. See State v. Sole, 2009 VT 24, ¶ 13, 185 Vt. 504 ("Arguments that are neither litigated nor decided below will not be addressed for the first time on appeal." (quotation omitted)). Petitioner fails to show that the PCR court committed plain error by following existing law. See State v. Bangoura, 2017 VT 53, ¶ 6, 205 Vt. 36 ("Plain error exists when the asserted error: (1) is obvious; (2) affects substantial rights of the defendant; (3) brings prejudice to the defendant; and (4) seriously affects the fairness, integrity or public reputation of judicial proceedings." (quotations omitted)). For the reasons articulated by the trial court, we agree that this is not one of those rare cases where expert testimony is unnecessary.

2

Petitioner's failure to provide expert testimony was fatal to his claim and his PCR petition was properly dismissed.

Affirmed.

BY THE COURT:

_____
Harold E. Eaton, Jr., Associate Justice

_____
Karen R. Carroll, Associate Justice

_____
William D. Cohen, Associate Justice