VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org



Case No.    23-AP-020

*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant.  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

JULY TERM,   2023

In re James T. Burke\*

}  APPEALED FROM:
}  Superior Court, Chittenden Unit,
}  Civil Division
}  CASE NO. 9-1-20 Cncv
   Trial Judge: Helen M. Toor

In the above-entitled cause, the Clerk will enter:

Petitioner appeals the court's order granting judgment to the State in this proceeding for post-conviction relief (PCR).  We affirm.

Petitioner filed a PCR petition challenging his 2012 conviction for obstruction of justice based on a plea agreement in which petitioner pled nolo contendere.  The plea agreement imposed a sentence of four-to-five years to serve "consecutive to all sentences."  Petitioner appealed his conviction, arguing, among other things, that his plea was not entered knowingly, and this Court affirmed, concluding that the plea was entered knowingly and voluntarily.  State v. Burke, No. 2012-111, 2012 WL 6633704 (Vt. Dec. 13, 2012) (unpub. mem.) [https://perma.cc/U5LE-FH7K].

In 2020, petitioner, representing himself, filed this PCR action, asserting errors in the entry of the plea and ineffective assistance of trial counsel.  In August 2022, petitioner moved for summary judgment, asserting there were no genuine issues of material fact, but failing to provide a statement of undisputed facts.  The State opposed the motion and filed its own motion for summary judgment and appended a statement of undisputed facts with citation to the record.  Petitioner opposed the State's motion but did not provide cites to the record to support his assertions.  In November 2022, petitioner filed a motion for expert funds.  The PCR court denied petitioner's request for expert funds, finding the request was untimely because it came almost three years into the case and after the motions for summary judgment were filed.  The PCR court resolved both summary judgment motions in the State's favor.  The PCR court concluded that

petitioner's claims regarding the voluntariness of his plea were barred by res judicata, and that, based on the undisputed facts, an expert was required to support petitioner's ineffective-assistance claims. Petitioner appealed.

A PCR proceeding provides a limited remedy and the petitioner "has the substantial burden of proving by a preponderance of the evidence, that fundamental errors rendered his conviction defective." In re Grega, 2003 VT 77, ¶ 6, 175 Vt. 631 (mem.) (quotation omitted).

On appeal, petitioner first argues that the PCR court abused its discretion in denying his request for expert funds because there was no deadline imposed for making his request and he could have demonstrated a need for expert testimony. The record provides the following relevant facts. At a status conference in December 2020, the PCR court explained to petitioner that he would likely need an expert witness to support his claims of ineffective assistance of counsel. Apparently, petitioner subsequently contacted some attorneys and represented that the PCR court had instructed petitioner to reach out to them. At a hearing in March 2022, in response to the PCR court's questions, petitioner explained that he had begun looking for an expert to support his case but had not meant to suggest that the court directed him to do so. The PCR court explained to petitioner that in almost all cases involving claims of ineffective assistance of counsel, an expert is needed. The court emphasized that it had not, however, instructed petitioner to find an expert or approved compensation for an expert. The PCR court stated that it was up to petitioner to develop the facts necessary to support his case and instructed petitioner that there were circumstances in which the defender general may be required to pay for an expert, but the standards had not been established. The PCR court underscored that it was petitioner's responsibility to establish the evidence for his case. In August 2022, before discovery was complete, petitioner moved for summary judgment. After the State opposed summary judgment on the grounds that petitioner needed an expert to support his claims, petitioner requested funds for expert services.

The Public Defender Act (PDA) provides financially eligible defendants or prisoners with access to "necessary services and facilities of representation." 13 V.S.A. § 5231(a)(2). A self-represented person eligible under the PDA may obtain services at state expense if "the person shows that the services are necessary to his defense." In re Barrows, 2007 VT 9, ¶ 6, 181 Vt. 283 (quotation omitted). When there is a claim of ineffective assistance of counsel, the petitioner must "describe how a legal expert would assist petitioner to prove that specific shortcomings in his representation at trial fell below the level of competence for the particular task at issue." Id. ¶ 9. We review a decision regarding public defender services for an abuse of discretion. See State v. Handson, 166 Vt. 85, 92, 689 A.2d 1081, 1085 (1996) (stating that trial court's decision regarding services "will not be disturbed absent a showing that the court abused its discretion, or failed to exercise it").

Here, petitioner knew as early as December 2020 that he may need expert testimony to support his claims of ineffective assistance. Before discovery was complete, petitioner chose to file for summary judgment, essentially indicating that he believed there were sufficient facts to support judgment in his favor. Petitioner did not request payment for expert services until after the State opposed his motion for summary judgment and raised the lack of an expert. Under

these circumstances, the court acted within its discretion in denying petitioner's request as untimely.

Petitioner next asserts that material facts were disputed and thus, the court erred in granting summary judgment to the State on his ineffective-assistance claim. This Court reviews summary-judgment decisions without deference, employing the same standard as the trial court. In re Gay, 2019 VT 67, ¶ 7. Summary judgment will be granted when there are no genuine issues of material fact, and a party is entitled to judgment as a matter of law. V.R.C.P. 56(a).

Petitioner argues that there was an issue of material fact as to whether his trial counsel was under the influence of alcohol at the time of the plea agreement. Petitioner raised this issue for the first time in response to the State's motion for summary judgment, alleging generally that his attorney had alcohol problems. Petitioner did not provide any citation to record evidence to support this assertion. On appeal, petitioner claims that there was enough in the record to make this a disputed question of fact because during a status conference in December 2020 petitioner stated that his counsel appeared to be inebriated when advising him regarding the plea.

To oppose summary judgment, petitioner could not rely on mere allegations to demonstrate that there was a genuine issue for trial; he needed to provide a cite to the record in support. See V.R.C.P. 56(c)(2). Because petitioner did not respond to the State's statement of undisputed facts, the PCR court treated the State's facts as undisputed for purposes of summary judgment. See V.R.C.P. 56(e)(2) (allowing court to consider fact undisputed if party fails to properly support assertion). Petitioner's reliance on appeal on an unsworn statement at a status conference does not create a disputed factual question where the comment was not made under oath and petitioner did not provide this citation in his pleading to the PCR court. Because petitioner did not properly respond to the State's statement of undisputed facts, the PCR properly relied on those facts for resolving the summary-judgment motion.

To make a claim for ineffective assistance of counsel, petitioner needed to show both that his counsel's performance fell below an objective standard of care and that but for the unprofessional errors, there would be a different outcome. See Grega, 2003 VT 77, ¶ 7. Here, the undisputed facts do not support that counsel's performance fell below the standard of care or that if there was substandard performance, there was a reasonable probability that there would be a different outcome of the plea proceedings. Therefore, summary judgment was properly granted to the State on this claim.

Finally, petitioner contends that the PCR court erred in concluding that petitioner's arguments regarding the plea agreement were barred by res judicata. "Res judicata bars the litigation of a claim or defense if there exists a final judgment in former litigation in which the parties, subject matter and causes of action are identical or substantially identical." Lamb v. Geovjian, 165 Vt. 375, 379 (1996) (quotation omitted). Petitioner argues that his arguments are different because in this PCR petition he argued that he did not fully understand the plea agreement, particularly the nature of the sentence and its overall length, and this was different from the arguments about his plea agreement raised on appeal. Res judicata applies to claims actually raised as well as those "that were or should have been raised in previous litigation." Id.

3

at 380 (quotation omitted).  Here, having already challenged the knowing and voluntary nature of his plea through direct appeal, petitioner was barred from relitigating that issue in the context of his PCR.

      <u>Affirmed</u>.

BY THE COURT:

 

Harold E. Eaton, Jr., Associate Justice

 

Karen R. Carroll, Associate Justice

 

William D. Cohen, Associate Justice