## In re Robert W. Plante

[762 A.2d 873]

No. 99-096

Present: **Dooley, Morse and Skoglund, JJ., and Allen, C.J. (Ret.) and Gibson, J. (Ret.), Specially Assigned**

Opinion Filed October 20, 2000

*Robert Appel*, Defender General, and *Seth Lipschutz*, Prisoners' Rights Office, Montpelier, for Petitioner-Appellant.

*Dan M. Davis*, Windham County State's Attorney, and *Matthew T. Jones*, Deputy State's Attorney, Brattleboro, for Respondent-Appellee.

**Skoglund, J.** Petitioner Robert W. Plante, who was convicted of first-degree (felony) murder and sentenced to a term of imprisonment of fifty years to life, appeals the superior court's decision denying his petition for post-conviction relief (PCR), which is based on a claim of ineffective assistance of counsel. We affirm.

Petitioner was charged with murdering Glenn Michaelson in Williamsville, Vermont on May 31, 1992. He was charged with felony murder based on the allegation that he had stolen items from the decedent after the murder, including the decedent's car. Two attorneys were assigned as petitioner's trial counsel. In December 1992, after a defense investigator uncovered information suggesting that the decedent was involved in selling drugs, the State offered to recommend a sentence of twenty-five years to life imprisonment if petitioner would plead guilty to second-degree murder. The offer was not accepted.

Shortly before trial, the State offered to recommend a sentence of twenty-to-fifty years in exchange for petitioner's plea of guilty to

second-degree murder. Petitioner's attorneys thought the plea offer was of little practical advantage, however, because it did not guarantee against petitioner serving a lengthy sentence well beyond the minimum term. One of the attorneys advised petitioner to reject the offer. The other one described the offer as "steep," but told petitioner that the final decision was his to make. Petitioner rejected the offer and elected to take his chances at trial.

Petitioner's attorneys presented alternative inconsistent defenses at trial. Their principal defense was that reasonable doubt existed as to whether petitioner was the murderer. As a secondary theme, they presented evidence of petitioner's diminished capacity due to intoxication at the time of the murder. They requested and received an instruction that the jury could consider such evidence in determining whether petitioner could have formed the intent necessary to commit felony murder.

Although defense counsel requested a diminished-capacity instruction, they did not request a second-degree murder instruction. The State requested an instruction on second-degree murder, but the trial court denied the request, ruling that because petitioner had been charged with felony murder, the jury would have to convict him either of first-degree murder or the lesser-included offense of manslaughter. See 13 V.S.A. § 2301 (murder committed in perpetration of robbery or burglary shall be first-degree murder). The jury found petitioner guilty of first-degree murder, and he was sentenced to fifty years to life imprisonment.

After this Court affirmed petitioner's conviction, see *State v. Plante*, 164 Vt. 350, 351, 668 A.2d 674, 675 (1995), he filed a PCR petition, claiming that his trial attorneys provided ineffective assistance by improperly advising him with respect to the State's plea offer, not adequately preparing and presenting a diminished-capacity defense, and failing to seek and obtain a second-degree murder instruction. Following two days of hearing, the superior court denied the petition, concluding that (1) defense counsel adequately conveyed the nature of the plea offer and the dangers of not accepting it, and, in any event, petitioner could not show that the district court would have accepted the State's proposed unlawful sentence; (2) defense counsels' tactical decisions regarding the defenses they presented at trial were well within the range of reasonably competent representation, and, further, petitioner failed to show that the outcome of the trial would likely have been different had defense counsel committed themselves exclusively to a defense of diminished capacity; and (3) the

absence of a second-degree murder instruction most likely did not affect the jury's verdict. On appeal, petitioner reasserts the claims contained in his petition.

Petitioner has high hurdles to overcome in demonstrating that he is entitled to relief based on his PCR claim of ineffective assistance of counsel. Petitioner must show by a preponderance of the evidence that (1) his counsels' performance fell below an objective standard of performance informed by prevailing professional norms; and (2) there is a reasonable probability that, but for counsels' unprofessional errors, the proceedings against him would have turned out differently. See *State v. Bristol*, 159 Vt. 334, 337, 618 A.2d 1290, 1291-92 (1992). In making this showing, petitioner must first overcome the strong presumption that counsels' performance, absent the distorting effects of hindsight, fell within the wide range of reasonable assistance. See *In re Pernicka*, 147 Vt. 180, 183, 513 A.2d 616, 618 (1986). Petitioner must also overcome the strong presumption in the reliability of the underlying proceedings and must demonstrate that his counsels' inadequate representation caused a breakdown in the adversary process that rendered his conviction defective. See *Bristol*, 159 Vt. at 337, 618 A.2d at 1292. This Court will uphold the superior court's judgment on appeal if there is any credible evidence to support the court's findings and its conclusions follow from those findings. See *In re Dunbar*, 162 Vt. 209, 211, 647 A.2d 316, 319 (1994).

## I.

We first consider petitioner's argument that his attorneys failed to provide competent assistance with respect to their advice concerning the State's plea offer. Fundamental error at the plea bargain stage may invalidate a conviction. See *Bristol*, 159 Vt. at 337, 618 A.2d at 1292. The right to effective counsel is violated when an attorney fails to inform a defendant of a plea offer or when the attorney's incompetence causes a defendant to proceed to trial rather than plead guilty. See *id.* "Defense counsel has a duty to communicate to a client not only the terms of a plea bargain offer, but also its relative merits compared to the client's chances of success at trial." *Id.* at 338, 618 A.2d at 1292. Thus, courts have found ineffective assistance of counsel in cases when the defense attorney either advised the defendant not to accept a favorable plea bargain offer or gave the defendant false information during the plea negotiations. See *id.*

Petitioner argues that his trial attorneys failed in both respects— they misled him on the strength of the State's case and advised him

to reject a favorable plea offer. Petitioner points out that his attorneys' assessment of the strength of the State's case did not comport with that of either expert at the PCR hearing or this Court in the original appeal. See *Plante*, 164 Vt. at 356, 668 A.2d at 678 ("The evidence brought to bear against defendant was overwhelming."). In petitioner's view, trial counsel then compounded their misjudgment of the strength of the State's case by encouraging him, a person they acknowledged was one of the least directing clients they had ever seen, to reject a plea offer that they described as "steep" and "harsh," when in fact it was unlawfully low.[1]

■ We do not find these arguments persuasive. Rather, we concur with the superior court's judgment that, viewing objectively all of the circumstances at the time of trial, without the distorting effects of hindsight, trial counsels' advice to petitioner concerning the plea offer did not constitute ineffective assistance of counsel. The State's case was entirely circumstantial, unsupported by either a confession or an eyewitness. Trial counsel believed that petitioner was innocent, and that acquittal was a reasonable possibility because (1) an expert would testify that the fatal wounds were most likely inflicted by more than one assailant using different weapons; (2) some of the weapons used in the attack were never recovered; (3) another person staying at the house at the time of the murder allegedly slept through what probably was a prolonged struggle; (4) the decedent apparently had been involved in drug transactions that could have been a motivating factor for others to have committed the murder; and (5) petitioner's past criminal record did not include crimes of violence.

■ Defense counsel informed petitioner that he could be sentenced to life imprisonment without parole if he were convicted of first-degree murder.[2] Petitioner may not have been a self-directing individual, but the superior court found that defense counsel carefully explained the nature of the plea offer to petitioner, and that petitioner asked numerous questions, understood the nature of his choice, and ultimately made that choice after asking his attorneys whether they

---

[1] The State's second offer of twenty-to-fifty years' imprisonment proposed an unlawfully low maximum sentence in that, at the time of the offer, a conviction for second-degree murder carried a mandatory maximum sentence of life imprisonment. See 13 V.S.A. § 2303(b).

[2] At the time, the presumptive sentence for first-degree murder was thirty-five years to life imprisonment, with a possible range on the minimum sentence from fifteen years to life imprisonment without parole. See 13 V.S.A. § 2303(a).

thought he should accept the offer. Defense counsel felt that the State's plea offer presented little practical advantage to petitioner because, based on their knowledge of the policies of the Department of Corrections, they believed that petitioner would have to serve a sentence far beyond the twenty-year minimum before having any realistic chance at parole. To their way of thinking, if petitioner were to accept the plea offer, he would be giving up any possibility of an acquittal or a manslaughter conviction without avoiding a very lengthy prison sentence.

As the case law demonstrates, these are not the types of circumstances that support a PCR petition for ineffective assistance of counsel. See *People v. Curry*, 687 N.E.2d 877, 887 (Ill. 1997) (ineffective assistance found where defense counsel's recommendation to reject State's plea offer was predicated on plainly erroneous understanding of sentencing law rather than on defensive strategy or judgment proven to be unwise in hindsight); see also *United States v. Gordon*, 156 F.3d 376, 380 (2d Cir. 1998) (defense counsel breached his duty to competently advise defendant regarding plea offer by grossly underestimating defendant's sentencing exposure); *Boria v. Keane*, 99 F.3d 492, 494-97 (2d Cir. 1996) (where attorney neglected to discuss advisability of accepting offer despite his belief that proceeding to trial was "suicidal," and defendant received sentence of twenty years to life imprisonment on drug charge following trial, attorney provided ineffective assistance of counsel by failing to advise client to accept plea offer recommending sentence of one to three years); *State v. Kraus*, 397 N.W.2d 671, 672-73 (Iowa 1986) (attorney's inaccurate legal advice on elements of criminal charge, which prompted defendant to reject plea bargain, qualified as ineffective assistance of counsel); *Lewandowski v. Makel*, 754 F. Supp. 1142, 1146-48 (W.D. Mich. 1990) (defense counsel's failure to inform defendant of significant aspects of law relevant to his decision whether to withdraw plea was ineffective assistance of counsel). Because we conclude that defense counsels' advice concerning the State's plea offer was not ineffective assistance of counsel, we need not consider the prejudice prong of this claim. See *In re Miller*, 168 Vt. 583, 585, 718 A.2d 419, 421 (1998) (mem.).

## II.

■ Next, petitioner claims that defense counsels' failure to adequately investigate, prepare, and present a diminished-capacity defense was ineffective representation that prejudiced his case. Peti-

tioner acknowledges that his attorneys obtained a forensic psychologist before trial to evaluate him, and that, based on the psychologist's oral report, they decided against presenting the expert's testimony on a diminished-capacity defense. Petitioner also acknowledges that his attorneys cross-examined the State's witnesses on petitioner's condition at the time of the murder and obtained an instruction informing the jury that evidence of diminished capacity due to intoxication could be considered in determining whether petitioner could have formed the specific intent required for felony murder. See *State v. Joyce*, 139 Vt. 638, 640, 433 A.2d 271, 272 (1981) (when specific intent is element of crime, evidence of intoxication may be introduced to show that defendant could not have formed necessary intent).

Nevertheless, relying on the testimony of another forensic psychologist whose services he obtained in connection with the PCR proceeding, petitioner argues that defense counsels' efforts with respect to the diminished-capacity defense constituted ineffective assistance of counsel. At the PCR hearing, the psychologist conceded that he could not have testified at petitioner's trial that petitioner lacked the requisite mental state to commit murder. Rather, the psychologist would have testified that petitioner lacked the requisite intent to commit robbery because he did not know whose boots he was wearing after the murder (petitioner was found wearing decedent's boots when he was apprehended). In petitioner's view, this testimony shows that his attorneys could have more thoroughly pursued a diminished-capacity defense aimed at demonstrating that he did not have the requisite intent to commit the predicate felony upon which the felony murder charge rested.

We agree with the superior court that defense counsels' tactical decisions regarding the presentation of their diminished-capacity defense were all easily within the range of reasonable and competent representation. See *Dunbar*, 162 Vt. at 212, 647 A.2d at 319 (trial counsel are permitted great deal of discretion in decisions regarding trial strategy). As with the plea-bargain claim, the case law does not support petitioner's argument that defense counsels' representation was ineffective. See *State v. Schultz*, 681 P.2d 374, 376 (Ariz. 1984) (representation was ineffective where counsel conducted virtually no investigation and failed to elicit testimony at trial concerning defendant's consumption of alcohol, even though his primary defense was that voluntary intoxication negated his intent to commit charged crimes); *People v. Mozingo*, 671 P.2d 363, 364-67 (Cal. 1983) (in

death-penalty case, trial counsel rendered inadequate representation by failing to investigate possible diminished-capacity or insanity defenses, failing to request appointment of psychiatrist, and failing to introduce evidence of defendant's mental condition as mitigating circumstance in penalty phase of proceedings); *State v. Savage*, 577 A.2d 455, 467 (N.J. 1990) (trial counsel's decision to forego request for psychiatric examination, even though defendant had participated in bizarre behavior and possibly had history of mental illness and drug abuse, was contrary to norms of competent assistance; counsel has leeway in electing strategy of defense, but strategy should not be chosen without first taking minimal investigatory steps). We also share the superior court's doubts that the fine distinctions posed by petitioner's expert would have persuaded the jury to arrive at a different verdict.

### III.

█ Finally, petitioner argues that defense counsels' failure to confer with him about whether to request an instruction on second-degree murder as a lesser-included offense constituted ineffective representation and prevented the jury from finding him guilty of second-degree murder based on his diminished-capacity defense. We first note that, had the jury been so inclined, it could have found petitioner guilty of manslaughter based on his diminished-capacity defense. See *State v. Wheelock*, 158 Vt. 302, 311, 609 A.2d 972, 978 (1992) (diminished capacity may mitigate murder to manslaughter). It is not clear from the record whether the decision not to request a second-degree murder instruction was a tactical choice. Assuming that it was not, we conclude that petitioner cannot demonstrate prejudice with respect to this claim, but not for the reasons given by the superior court.

During the charge conference at petitioner's trial, the district court denied the State's request to include an instruction on second-degree murder. Noting that felony-murder is treated by statute as first-degree murder irrespective of any diminished-capacity defense, see *State v. Wright*, 154 Vt. 512, 518, 581 A.2d 720, 724-25 (1989) (where evidence overwhelmingly established that killing occurred during commission of robbery, manslaughter is appropriate charge if malice is absent due to provocation or diminished capacity; second-degree murder instruction would have been appropriate only if no robbery had accompanied homicide), the court reasoned that if the jury were to find petitioner guilty of murder, it would have to be first-degree

murder. Petitioner did not challenge, in his direct appeal, the trial court's refusal to instruct the jury on second-degree murder. Nor has he argued in the instant PCR proceeding that such an instruction would likely have led to a different outcome at trial because the jury would probably have determined that he did not commit the underlying felony. Indeed, petitioner challenges the absence of a second-degree murder instruction based solely on his argument that the jury might have accepted his diminished-capacity defense — an argument that fails under our holding in *Wright*.

■ We are aware that defense counsel filed a post-trial motion arguing, in part, that the State had failed to prove the essential element of permanent deprivation in the underlying robbery charge. That motion was denied, however. We have also noted the testimony of petitioner's PCR expert that petitioner could not have had the requisite intent to commit robbery because he did not know whose boots he was wearing. The decedent's boots were not the only item forming the basis for the robbery charge, however. In any event, petitioner has the burden of demonstrating the likelihood that, given the opportunity, the jury would have found him guilty of second-degree murder rather than felony murder based on a determination that he had not intended to rob the decedent. He has failed to make such a showing.

Because we conclude that defendant has failed to satisfy the prejudice prong on his last claim of ineffective assistance of counsel, we need not address his arguments that his counsels' failure to request and receive a second-degree murder instruction violated *In re Trombly*, 160 Vt. 215, 218, 627 A.2d 855, 856 (1993) (defendant, not trial counsel, should be one to decide whether to seek submission to jury on lesser-included offenses) and 13 V.S.A. § 2302 ("The jury by whom a person is tried for murder, if it finds such person guilty thereof, shall state in its verdict whether it is murder in the first or in the second degree.").

*Affirmed.*