
Vermont Superior Court
Filed 02/04/25
Rutland Unit



VERMONT SUPERIOR COURT
Rutland Unit
83 Center St
Rutland VT 05701
802-775-4394
www.vermontjudiciary.org

CIVIL DIVISION
Case No. 182-3-18 Rdcv

---

In Re: Joseph Bruyette

---

## FINDINGS AND ORDER

This is a post-conviction relief petition brought by Joseph Bruyette alleging ineffective assistance of counsel. The court held a final hearing on this matter on November 18, 2024. The Petitioner was represented by Attorneys Alexander Donn and Briana Houser. The Respondent was represented by Attorneys Michael Novelli and Franklin Paulino. Petitioner filed a post-hearing memorandum on December 23, 2024, along with a response to the Respondent's oral motion for judgment as a matter of law. Respondent filed a post-hearing memorandum on December 30, 2024, arguing that the petition should be denied because Petitioner failed to prove his claim of ineffective assistance of counsel, and because the Petition is barred as a matter of law under the doctrine of claim preclusion. For reasons explained below, the Petition for post-conviction relief is denied.

### Findings of Fact

The court finds the following facts by a preponderance of the evidence. Petitioner was convicted of one count of burglary and three counts of sexual assault in docket number 536-4-87 Rcr. Ex. 1, p. 2. Attorney Joseph Kershaw represented Petitioner at his sentencing. *Id.* at 1. A presentence investigation report ("PSI") was authored by Probation and Parole Officer Terri Forte and filed with the court on January 11, 1990. Ex. 1, p. 2; Ex. 2, p. 14. An addendum was filed on January 16, 1990 by Ms. Forte. Ex. 1, p. 2. Attorney Kershaw reviewed the PSI with Petitioner and filed written objections to the PSI on January 23, 1990. *Id.* at 3.

On January 26, 1990, the trial court held a contested sentencing. Ex. 1. At the beginning of the hearing, Attorney Kershaw told the court the Petitioner wished to file a motion for the appointment of new counsel. *Id.* at 4. The trial court declined to hear the motion at the sentencing and indicated it would be set for a separate hearing. *Id.* at 5. Attorney Kershaw raised five objections to the PSI, which the trial court addressed prior to the presentation of evidence or argument. *Id.* at 3-13. The court sustained Attorney Kershaw's first, third, and fourth objection and overruled his second objection. *Id.* The court allowed Attorney Kershaw to supplement how Petitioner had done since his initial incarceration on the case with additional testimony or oral presentation. *Id.* at 13. Petitioner declined to be interviewed for the PSI because he had not spoken with his attorney. Ex. 2, p. 3.

Attorney Kershaw did not present any testimony or evidence at the sentencing. Ex. 1, p. 14. Attorney Kershaw began his argument to the court with the following:

> Thank you, your Honor. I have not had the pleasure to appear before this Court in any
> other proceedings. And I am not well versed as to what the Court might be looking for

and expect at a sentencing proceeding. Prior to my practice here in Vermont, I practiced in the State of Florida for about 15 years.

Ex. 1, p. 25. Attorney Kershaw went on to respond to the State's sentencing argument, addressing general deterrence, rehabilitation, and Petitioner's criminal record. *Id.* at 25-28. Attorney Kershaw argued for a sentence that would have some portion suspended to allow for inpatient treatment. *Id.* at 30.

At the end of Attorney Kershaw's argument, the court turned to the Petitioner and asked the following:

Mr. Bruyette, is there anything you wish to say on your own behalf? I invite you at this point to tell me anything you feel I should know about yourself or about the case. Anything that may not be included in the presentence investigation report. Anything that you may think that you would like to state in different terms than Mr. Kershaw has stated.

*Id.* at 31. Petitioner responded through Attorney Kershaw who stated, "Your Honor, Mr. Bruyette would just like me to inform the court that he understands the pain that the victim went through. He is sorry that this happened to her." *Id.* The trial court addressed the arguments raised by Attorney Kershaw, but ultimately rejected them in imposing a sentence of 45-85 years to serve on consecutive sentences. *Id.* at 36. The trial court included the following as part of its analysis in determining the appropriate sentence:

- "Is there a rehabilitation program that is ready for Joe Bruyette now? An outpatient program. Nope. Nope." Ex. 1, p. 33.
- "Joe Bruyette is a devout hedonist. What he wishes to take, he will take, What he wishes to obtain, he will obtain. Joe Bruyette's satisfaction is the center of his decisions." *Id.*
- "What he did is nearly indescribable in the devastation to his target … I have never seen a witness sit in the witness box and giver her testimony for two solid days with her head down and with the tears flowing, sincerely. And that only began to describe the depth of the hurt." *Id.* at 34.
- "There is real punishment involved in this sentence because it hast to be that way." *Id.* at 35.
- "It is safety now for Tracy Christie and safety for all victims." *Id.* at 36

After Petitioner's conviction and sentence was affirmed on appeal, Petitioner filed a motion for sentencing review. Ex. 3, p. 1. The trial court denied Petitioner's motion through a written decision on March 3, 1993. *Id.* at 5.

Petitioner presented two witnesses at the final hearing in this case: Crystal Barry and Daniel Albert. Crystal Barry is a rostered psychotherapist employed at Therapeutic Works, Inc with a Master's Degree in clinical psychology. She has worked in the mental health field for eighteen years. Ms. Barry was hired to review Petitioner's case. She gathered historical information about Respondent's upbringing, education, mental health, substance use, and criminal record.

Attorney Daniel Albert is a criminal defense attorney who practiced in Franklin and Grand Isle Counties for thirty-one years. He received his law degree from the Northeastern University School of Law and was admitted to practice in 1981. For sixteen years, Attorney Albert acted as a supervisor of other defense attorneys. He has participated in approximately three hundred sentencing hearings.

Attorney Albert was hired to evaluate the performance of Petitioner's trial counsel, Joseph Kershaw, during his sentencing hearing. Attorney Albert reviewed the transcript for Petitioner's

sentencing, the PSI, the Supreme Court decision affirming Petitioner's convictions and sentence, and the testimony of Ms. Barry. Attorney Albert opined that Attorney Kershaw provided ineffective assistance of counsel. Attorney Albert identified the following areas of possible deficiency:

1. Attorney Kershaw stated he was not well versed in what the trial court was looking for.
2. Attorney Kershaw did not present any information about Petitioner as an individual, only making generic arguments.
3. Attorney Kershaw didn't present any information about Petitioner's background.
4. Attorney Kershaw didn't participate in Petitioner's PSI interview after repeated attempts by Ms. Forte to reach out to him.

Attorney Albert opined there were hints in the PSI that would have been helpful to Petitioner at sentencing. He opined that a defense attorney should investigate a client's past in order to present mitigating evidence at the sentencing to humanize the client. Attorney Albert opined that if the court had been presented with mitigating evidence from Petitioner's childhood, there is a reasonable probability the outcome would have been different.

During cross-examination, Attorney Albert acknowledged that Attorney Kershaw had practiced for fifteen years in Florida, representing defendants in serious cases. He acknowledged Attorney Kershaw made objections to the PSI. He acknowledged that Attorney Kershaw did reference Petitioner's history with probation and parole and the impact that had on Petitioner's family during his argument. Attorney Albert acknowledged Attorney Kershaw made an articulate argument about the importance of rehabilitation and the weakness of deterrence. He acknowledged the trial court reviewed the PSI.

## Analysis

I. Merits of Claim of Ineffective Assistance of Counsel

In considering an ineffective assistance of counsel claim, the court "must consider the totality of the evidence before the judge or jury." *Strickland v. Washington,* 446 U.S. 668, 695 (1984). The standard the court must apply is as follows:

> Vermont uses a two-part standard for evaluating an ineffective assistance of counsel claim - a test that is essentially equivalent under the United States and Vermont constitutions. Ineffective assistance of counsel cases first require that the petitioner show by a preponderance of the evidence that defense counsel's performance fell below an objective standard of reasonableness informed by prevailing professional norms. If this first burden is met, petitioner must further show that counsel's performance prejudiced the defense by demonstrating a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

*In re Combs,* 2011 VT 75, ¶ 9, 190 Vt. 559 (internal quotations and citations omitted). To establish the first element, "petitioner must first overcome the strong presumption that counsel['s] performance, absent the distorting effects of hindsight, fell within the wide range of reasonable assistance." *In re Plante,* 171 Vt. 310, 313 (2000). As to the second element, the United States Supreme Court has defined a "reasonable probability" in this context as "a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694. "In making this showing, petitioner cannot rely on the distorting effects of hindsight, and must surpass the strong presumption that counsel's performance fell within the wide range of reasonable professional assistance." *In re Grega,* 2003 VT 77, ¶ 7, 175 Vt. 631 (mem.).

The thrust of Petitioner's allegations is that Attorney Kershaw did not adequately prepare for his sentencing. Specifically, Petitioner alleges Attorney Kershaw did not properly investigate Petitioner's childhood such that mitigating evidence could have been presented at the sentencing. Petitioner relies upon the testimony of Ms. Barry and Attorney Albert.

At the hearing, the court allowed Ms. Barry to testify about what information she gathered about Petitioner. This testimony was not admitted for the truth of what happened in Petitioner's childhood, but rather for the limited purpose of what information could have been gathered through additional investigation. There was no admissible evidence presented by Petitioner at the hearing regarding his childhood experiences. As such, the court could not make a finding as to what childhood traumas Petitioner experienced that could have been presented at the sentencing hearing.

Petitioner relies upon Attorney Albert's opinion to prove his ineffective assistance of counsel claim. Attorney Albert was qualified as an expert to testify in this case. Pursuant to Vermont Rules of Evidence 702, an expert may testify in the form of an opinion if "(1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." An expert's opinion testimony need not be validated by empirical studies, but must be based on "sufficient facts or data." *State v. Noyes,* 2021 VT 50, ¶ 38. It is, however, "within the purview of the trier of fact to assess its credibility and determine the weight to be assigned to it." *Assoc's, Ltd. V. Daewoo Elec. Am., Inc.,* 2008 VT 14, ¶ 16. In other words, "[a] court is not required to credit an expert witness' opinion whenever the witness is qualified to testify as an expert." *State v. Sullivan,* 2018 VT 112.

In this case, Attorney Albert faulted Attorney Kershaw for not properly investigating Petitioner's childhood. "In assessing counsel's investigation, we must conduct an objective review of their performance, measured for 'reasonableness under prevailing professional norms." *Wiggins v. Smith,* 539 U.S. 510, 521 (quoting *Strickland,* 446 U.S. at 688). Attorney Albert opined Petitioner had childhood trauma that could have been presented to the sentencing judge as mitigating evidence. The court cannot credit this testimony as there was no reliable evidence presented by Petitioner on what occurred in his childhood. Although facts or data relied upon by an expert need not be admissible for the expert to rely upon them under Vermont Rules of Evidence 703, they must be "of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject." V.R.E. 703. There was no testimony from Attorney Albert regarding whether the information provided by Ms. Barry is information "of a type reasonably relied upon by experts" such as himself. Without this testimony, the court cannot conclude that the assertions regarding Petitioner's childhood are reliable facts or data that could support Attorney Albert's opinion. Without knowing what mitigating evidence could have been discovered through a more thorough investigation, the court cannot find Attorney Kershaw's performance was deficient. The court does not credit Attorney Albert's testimony that Attorney Kershaw's performance fell below an objective standard of reasonableness informed by prevailing professional norms in not investigating Petitioner's background.

Attorney Albert further opined Attorney Kershaw's performance was deficient because of his statement to the trial court, "I have not had the pleasure to appear before this Court in any other proceedings. And I am not well versed as to what the Court might be looking for and expect at a sentencing proceeding." Ex. 1, p. 25. The court views this statement as an introduction by Attorney Kershaw to a new judge, rather than an admission by him that he did not know what he was doing. Unfamiliarity with the court is not in and of itself sufficient to demonstrate a deficiency. *See e.g. U.S. v. Lewis,* 786 F.2d 1278, 1281-2 (5th Cir. 1986) (lack of familiarity with local court rules is insufficient to show

deficient performance without demonstrating specific errors and prejudice). This introductory statement does not demonstrate a deficiency of Attorney Kershaw.

Attorney Albert further opined that Attorney Kershaw's failure to communicate with Petitioner during the PSI was a deficiency. This opinion was not supported by the facts. Although there was mention of Ms. Forte attempting to reach out to Attorney Kershaw in the PSI, there was also the statement at the sentencing by Attorney Kershaw that he has reviewed the PSI with the Petitioner. Furthermore, the fact that Attorney Kershaw filed objections to the PSI demonstrates some communication between him and the Petitioner, although that doesn't necessarily demonstrate when those communications occurred. With this inconsistent record, the court cannot find that Attorney Albert's opinion regarding a deficiency in communication between Attorney Kershaw and the Petitioner is supported by reliable facts.

Finally, Attorney Albert opined that Attorney Kershaw's arguments at sentencing were deficient because they were generalized as opposed to specific to the Petitioner. The court disagrees. Although Attorney Kershaw's argument did lean towards the general, he did specifically address the Petitioner being failed by the system, the fact that Petitioner's criminal record was primarily property crimes, and referenced the impact the sentence would have on Petitioner's family. Ex. 1., p. 26-29. In addition, the trial court stated, "I think the argument made by Joe Kershaw today is one of the most magnificent arguments on the weaknesses of the deterrence notion that I have ever heard." *Id.* at 32. Trial counsel are afforded a wide degree of discretion regarding strategy at trial and "failure of that strategy is not the standard by which a reviewing court will measure trial counsel's competence." *In re Dunbar,* 162 Vt. 209, 212 (1994). Attorney Albert's opinion relies upon the distorting effects of hindsight, which the court cannot consider. *In re Grega,* 2003 VT 77, ¶ 7. Given the high praise by the trial court for Attorney Kershaw's argument, the court cannot find that his strategy fell below prevailing standard.

Attorney Kershaw is presumed to have performed within the wide range of reasonable professional assistance and Petitioner has to prove that he did not. *Id.* The court cannot find, based upon the evidence present at the hearing that Petitioner overcame this presumption and met his burden that Attorney Kershaw's performance was deficient. As such, Petitioner cannot meet his burden to prove ineffective assistance of counsel.

Assuming in arguendo that Petitioner had met his burden to prove Attorney Kershaw's performance was deficient, he separately did not meet his burden of showing prejudice. Petitioner has the burden of proving Attorney Kershaw's alleged deficiency resulted in prejudice to him. As the Vermont Supreme Court has noted, there are unique challenges to proving prejudice to a Petitioner as a result of deficiencies at a sentencing hearing:

> The great difficulty with proving actual prejudice to the defendant at sentencing is that it can only be met through evidence about something which did not occur. The PCR judge cannot ask the sentencing judge if the sentence would have been different if he or she had heard a more effective presentation from the defense. *See, e.g., Perkins v. LeCureux,* 58 F.3d 214, 220–21 (6th Cir.1995) (petitioner cannot prove that counsel's ineffective assistance prejudiced his defense using testimony of sentencing judge; risk of inaccuracy outweighs probative value of testimony, and inquiry into judge's mental processes undermines judicial immunity, comity, independence and finality of judgments). Instead, the PCR court must determine whether there is sufficient circumstantial evidence to support a finding that there is a reasonable probability that the weakness in petitioner's defense altered the outcome.

*In re Williams,* 2014 VT 67, ¶ 29, 197 Vt. 39.  In determining whether there is a reasonable probability that the outcome would be different, "[a] mere showing that the attorney error had 'some conceivable effect on the outcome' is insufficient."  *Id.* at ¶ 34 (quoting *Strickland,* 466 U.S. at 693).  Based upon the evidence presented, the court cannot conclude Petitioner has demonstrated that there is a reasonable probability that the weakness in Attorney Kershaw's performance altered the outcome of the sentence.

The trial judge in this case was clear in his analysis why he was sentencing Petitioner to a long period of incarceration.  The court outright rejected outpatient rehabilitation, given Petitioner's history.  Ex. 1, p. 33.  The court described Petitioner as a "devout hedonist" who did what he wanted and took what he wanted.  *Id.*  In describing the impact on the victim, the court stated, "What he did is nearly indescribable in the devastation to his target … I have never seen a witness sit in the witness box and giver her testimony for two solid days with her head down and with the tears flowing, sincerely.  And that only began to describe the depth of the hurt." Id. at 34.  As such, the court concluded real punishment and incapacitation for the safety of the victim required a lengthy sentence.  *Id.* at 36.  Although Attorney Albert opined that mitigating evidence would have changed the outcome in this case, the sentencing transcript does not support this opinion.  There is insufficient circumstantial evidence presented by the Petitioner to demonstrate there is a reasonable probability the sentence would have been different if Attorney Kershaw had presented evidence of Petitioner's background.

Petitioner has failed to meet his burden on the second *Strickland* prong, as such he has not met his burden to prove ineffective assistance of counsel.

II. <u>Motion for Judgment As A Matter of Law Under Doctrine of Claim Preclusion</u>

Alternatively, even assuming Petitioner had proved an ineffective assistance of counsel claim, the Court would grant the State's motion for judgment as a matter of law, on grounds of claim preclusion.

"Claim preclusion, also referred to as res judicata, 'bars the litigation of a claim or defense if there exists a final judgment in former litigation in which the parties, subject matter and causes of action are identical or substantially identical.'"  *Sutton v. Purzycki*, 2022 VT 56, ¶ 21, 217 Vt. 326 (quoting, with internal quotations omitted, *Lamb v. Geovjian*, 165 Vt. 375, 379 (1996)).  These conditions are met here.  In a PCR petition filed by Mr. Bruyette in this Court in 2014 (docket number 587-9-14 Rdcv), he claimed— just as he does in the instant proceeding—that his sentencing counsel provided ineffective assistance of counsel for failing to investigate and present mitigating evidence.[1]  The State pled "abuse of the writ" as to such claim and the court granted summary judgment to the State on that ground.

In the context of PCR claims by a prisoner, the "abuse of the writ" doctrine ordinarily supplants, and is applied in place of, the doctrine of claim preclusion.  *See id. In re Laws*, 2007 VT 54, ¶ 14, 182 Vt. 66.  Like claim preclusion, the "abuse of the writ" doctrine may bar a successive PCR petition for having sought relief on grounds that were previously known by the petitioner but not previously asserted in the

---

[1] Based on filings made in that prior PCR proceeding, which filings were submitted by the State in the instant case (as exhibits in support of the State's motion to dismiss filed on November 15, 2024), the Court takes judicial notice of claims made by the parties in the prior proceeding, as well as actions taken by the courts in that other proceeding.  *See McCormick on Evidence* § 330 (8th ed., July 2022 update) (judicial notice may be taken of "claims made by the parties in the other case and action taken by the court in the other proceeding" but not "of factual determinations or contested facts in other cases"); *see also Fine Foods, Inc. v. Dahlin*, 147 Vt. 599, 604-05 (1986) (trial court may take judicial notice of facts after the close of evidence).

earlier petition. *See id.* ¶ 15. A petitioner may survive a motion to dismiss for abuse of writ if the petitioner proves: (a) "that some objective factor external to the defense impeded counsel's efforts to raise the claim in the earlier proceeding" (i.e., "cause"); and (b) "not merely that the errors at his trial created the possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions" (i.e., "actual prejudice"). *Id.* ¶¶ 20-21. By contrast, the doctrine of claim preclusion applies to bar claims that were litigated by the same parties, as well as those that were not litigated but *should have been* raised in the prior litigation, regardless of any proof that the petitioner or plaintiff may be able to marshal on the issues of cause or actual prejudice. *See In re Dunkin Donuts S.P. Approval (Montpelier)*, 2008 VT 139, ¶ 10, 185 Vt. 583 (mem.) ("Claim preclusion is a rigid doctrine that ends litigation without regard to equitable considerations").

In docket number 587-9-14 Rdcv, the Court (Hoar, J.) granted the State's motion for summary judgment and dismissed the petition "with prejudice." The Court observed that Petitioner had failed—despite ample opportunity and time—to demonstrate why his ineffective assistance of counsel claim was not precluded by the "abuse of the writ" doctrine. On appeal, the Vermont Supreme Court issued an unpublished entry order affirming the dismissal. The Supreme Court concluded that Petitioner failed to "produce any evidence to demonstrate 'cause and actual prejudice,'" and thus failed to meet his evidentiary burden—to "disprove" the State's well-pled claims of abusive petitions. *In re Bruyette*, 2019 WL 6523008, at *2 (Vt. Dec. 2, 2019) (unpub. mem.).

The dismissal granted in the 2014 litigation will be given preclusive effect here. Petitioner argues that the judgment in the 2014 case was not a decision on the merits, and thus, should have no preclusive effect. To the contrary, the prior dismissal was made "with prejudice," upon granting the State's motion for summary judgment. *See Giantasio v. D'Agostino*, 862 F. Supp. 2d 343, 349 (S.D.N.Y. 2012) ("A dismissal with prejudice constitutes a judgment on the merits just as fully and completely as if the order had been entered after trial." (omitting internal quotation marks)). Petitioner appears to be arguing that because he was never granted an opportunity to prove his ineffective assistance claim at trial in the 2014 litigation, the dismissal in that case was not a decision on the merits. However, "a judgment on the merits for purposes of res judicata is not necessarily a judgment based upon a trial of contested facts; it may, for example, be a default judgment, a judgment on stipulation or agreement, or a summary judgment." *Id.* (removing alterations and internal quotations); *see, e.g., Deutsche Bank v. Pinette*, 2016 VT 71, ¶¶ 16-18, 202 Vt. 328 (dismissal of foreclosure action under V.R.C.P. 41(b) for plaintiff's failure to prosecute a claim of default judgment, though issued without notice that dismissal was "with prejudice," operates as adjudication on the merits for purposes of claim preclusion doctrine). Further, a decision on summary judgment is essentially a determination that the plaintiff or petitioner has failed to adduce sufficient admissible evidence to warrant a trial; the failure to have contested facts decided at trial is only because the plaintiff or petitioner did not survive summary judgment. Petitioner was never denied the opportunity to have an evidentiary hearing in the prior case, except for his lack of proof at the summary judgment stage.

As noted, claim preclusion was historically inapplicable to PCR proceedings. *In re Laws,* 2007 VT 54, ¶ 14. However, Petitioner's claims in this case raise the identical ineffective assistance counsel claim raised in his 2014 petition. To not apply the doctrine of claim preclusion under these facts would be illogical as it would allow a petitioner to repeatedly raise, in successive petitions, *identical* claims for of ineffective assistance of counsel that were already adjudicated to have been "abusive."

Thus, because the parties, the subject matter, and the claims raised now by Petitioner are identical to those raised in No. 587-9-14 Rdcv, and because they were dismissed with prejudice on the merits, the present claims are barred from litigation under the doctrine of claim preclusion.

## Conclusion

For the foregoing reasons, Mr. Bruyette's petition for post-conviction relief is DENIED. The Respondent's motion for judgment as a matter of law is GRANTED in the alternative. Judgment is entered for the Respondent.

Electronically signed on February 4, 2025 pursuant to V.R.E.F. 9(d)

_____
Alexander N. Burke
Superior Court Judge